UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTIONETTE Y. SULLIVAN,<br><br>              Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No. 2:24-cv-00016-CSK<br><br>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 16, 17, 19) |

Plaintiff Antionette Y. Sullivan seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for supplemental security income.[1] In her summary judgment motions, Plaintiff challenges the accuracy of medical records contained in the Certified Administrative Record, but does not identify any error made by the Administrative Law Judge (ALJ). The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is DENIED and the Commissioner's cross-motion is GRANTED.

/ / /

---

[1] This action was referred to the undersigned under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 5, 9, 10.)

1

## I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual seeks Social Security disability benefits (the "claimant"), the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. § 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. § 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review of the

Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II.  FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On October 19, 2020, Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, alleging she has been unable to work since July 1, 2020. Administrative Transcript ("AT") 76-77, 102, 134-35 (available at ECF No. 11). Plaintiff claimed disability due to "[b]ipolar; back pain; spasms in [her] back got hit by a car; right leg broken in half; [and] depression." *Id.* at 77. Plaintiff's claim was denied initially and upon reconsideration, and Plaintiff sought review before an ALJ. *Id.* at 18. Plaintiff appeared with counsel at a July 29, 2022 hearing before an ALJ, where Plaintiff

testified about her impairments and a vocational expert testified about hypothetical available jobs in the national economy. AT 43-61. The ALJ issued a decision denying Plaintiff's claim for benefits on November 7, 2022. AT 18-36.

The ALJ issued a decision finding that Plaintiff was not disabled. AT 18-36. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 19, 2020. AT 20. At step two, the ALJ determined that Plaintiff had the following severe impairments: lumbar degenerative disk disease, osteoarthritis, obesity, and lupus. AT 21. The ALJ found other impairments to be non-severe. *Id.* Particularly relevant here, the ALJ found that Plaintiff's medically determinable mental impairment of bipolar disorder "d[id] not cause more than minimal limitation in the [Plaintiff's] ability to perform basic mental work activities and [is] therefore nonsevere." *Id.* at 25. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1. *Id.* at 26 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926).

The ALJ then found Plaintiff had the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)). *Id.* at 27.

> She can lift 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for four hours in an eight-hour workday. She can sit for six hours in an eight-hour workday. She can occasionally push and/or pull with the right lower extremity. She cannot climb ladders. She can no more than occasionally stoop, kneel, crouch, crawl, or climb stairs. She can frequently but not constantly handle and finger bilaterally. She cannot work around hazards such as unprotected heights or around dangerous machinery. She can no more than occasionally be exposed to cold, wetness, or vibration.

AT 27. Based on the residual functional capacity, the ALJ determined at step four that Plaintiff was incapable of performing past relevant work. AT 34. The vocational expert testified that Plaintiff had the following past work: companion, bus driver, tractor trailer truck driver, and home attendant. *Id.* However, at step five, the ALJ found Plaintiff capable of performing other jobs in the national economy, including: (1) marker;

(2) inspector/hand packager; and (3) production assembler. AT 35.

Plaintiff requested review by the Appeals Council, which was denied, making the ALJ's decision the final decision of the Commissioner, on October 31, 2023. AT 1-7. Plaintiff filed this action in district court requesting judicial review, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 16, 19.)

### III.   DISCUSSION

Plaintiff filed a motion for summary judgment (ECF No. 16) on June 26, 2024, and filed an amended motion for summary judgment (ECF No. 17) on July 1, 2024. Both motions were filed before Defendant filed its cross-motion, and Defendant had an opportunity to respond to both motions. *See* Def. MSJ at 2 (ECF No. 19). Accordingly, the Court will consider both of Plaintiff's motions.

### A. Plaintiff's Submission of Records Outside the Administrative Transcript

The court may not consider evidence outside of the administrative transcript when deciding to affirm, modify, or reverse the ALJ's decision. 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and *transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security... ." (emphasis added)); *Sfetku v. Commissioner of Social Security Administration*, 2019 WL 92499, at *12 (D. Ariz. Jan. 3, 2019). The court may order additional evidence be taken before the Commissioner only if the new evidence is material and there is good cause for the failure to incorporate the evidence into the record in prior proceeding. 42 U.S.C. § 405(g); *see Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (stating the new evidence must bear "directly and substantially on the matter in dispute" and there must be a "reasonable possibility" that the evidence would have changed the outcome of the ALJ hearing to be material (citation omitted)); *id.* at 463 (establishing good cause requires demonstrating that new evidence was unavailable earlier). It is the Plaintiff's responsibility to establish the good cause and materiality requirements. *See Orteza v. Shalala*, 50 F.3d 748, 751 (9th Cir. 1995); *Mayes*, 276 F.3d at 462-63.

In Plaintiff's first motion, she attaches medical records that do not appear in the Administrative Transcript. Pl. MSJ at 11-50 (ECF No. 16). Plaintiff has made no argument about why these records are material, why the records were not included in the Administrative Transcript, or whether there is good cause for not including these records. *See* Pl. MSJ (ECF No. 16). Accordingly, the Court cannot consider the medical records Plaintiff attached to her motion that are not part of the Administrative Transcript. *See Mayes*, 276 F.3d at 462-63; *Sfetku*, 2019 WL 92499.

### B.  Plaintiff Does Not Challenge the ALJ Decision

Plaintiff does not articulate clear or discrete legal issues for the Court's consideration. Construing Plaintiff's motions liberally, Plaintiff seems to be arguing that some of the medical records in the Administrative Transcript were false, and this false information was used to determine Plaintiff's case. Pl. MSJ; Pl. Am. MSJ (ECF No. 17); *see Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

First, Plaintiff's motion does not allege that the ALJ committed any particular error. The Court cannot rule in Plaintiff's favor when no legal argument has been presented. *See Turner v. Berryhill*, 2019 WL 560247, at *4 (E.D. Cal. Feb. 12, 2019) (citing *Hibbs v. Dep't of Human Resources*, 273 F.3d 844, 873 n.34 (9th Cir. 2011) (finding argument too undeveloped to be capable of assessment)). While the Court is required to liberally construe a pro se plaintiff's filings, the pro se plaintiff is still required to establish her right to relief on the claims asserted. *Rigsbay v. Colvin*, 2016 WL 1268006, at *3 (E.D. Cal. Mar. 30, 2016). Here, Plaintiff states that "there is false and misleading information" included in the Administrative Transcript. Pl. MSJ at 1. However, she does not provide any legal argument or contest any part of the ALJ's decision. Plaintiff's main argument in her motions is that she was never diagnosed or prescribed medication for bipolar disorder. *Id.* This argument contrasts with Plaintiff's own allegations of her impairments, where she lists that she is "bipolar." AT 77. The ALJ found that the medically determinable mental impairments of bipolar disorder "do[es] not cause more than

minimal limitation in the [Plaintiff's] ability to perform basic mental work activities and [is] therefore nonsevere." AT 25. In making this determination, the ALJ found that Plaintiff had no limitation in understanding, remembering or applying information; no limitation interacting with others; mild limitation in concentrating, persisting or maintaining pace; and mild limitation in adapting or managing oneself. AT 25-26. Therefore, even if Plaintiff did not have bipolar disorder, any error would have been harmless because the ALJ found minimal limitation from Plaintiff's bipolar disorder. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, Plaintiff states in her amended motion for summary judgment that she "was not gravely disabled, displaying or having any symptoms of psychosis, bipolar, or schizophrenia when" she drove herself to the hospital. Pl. Am. MSJ at 3. Plaintiff's argument that she does not have bipolar disorder supports the ALJ's decision here.

Second, Plaintiff is requesting relief that the Court is unable to provide. Plaintiff requests that "any false information be redacted from [her] medical history and all medical databases" (Pl. MSJ at 10), and requests that the Court "reprimand and revoke" the licenses of two doctors (Pl. Am. MSJ at 5). Throughout her motion, she contests opinions by various doctors and medical professionals, including Sarbjtt Singh Bhullar, MD; Martin Ramirez, MD; and Harnek Singh Kahlon, MD (Pl. MSJ at 1, 2), who worked at Sierra Vista Hospital (AT 496, 501, 506). Plaintiff also contests opinions by Sunita Saini, NP who worked at Hope Cooperative (AT 369), and Pallavi Rajput, MD who worked at Mercy San Juan Medical Center (AT 470). Of these individuals, only Sunita Saini is mentioned in the ALJ opinion. Plaintiff also contests the statements by Craig H. Morris, MD and Kendrick M. Johnson, MD, who do not appear anywhere in the Administrative Transcript. Plaintiff is not contesting medical records associated with the Social Security Administration. The Court does not have the ability to change Plaintiff's underlying medical records or modify any information contained in a medical database.

## IV.  CONCLUSION

Because Plaintiff has provided no argument supporting her challenge to the ALJ's

decision, and no evidence warranting remand, her motion must be DENIED. *See Turner*, 2019 WL 560247, at *4-5.

### ORDER

Accordingly, the Court ORDERS:

1. Plaintiff's motions for summary judgment (ECF No. 16, 17) are DENIED;
2. The Commissioner's cross-motion (ECF No. 19) is GRANTED and judgment is entered for the Commissioner; and
3. The Clerk of the Court is directed to CLOSE this case.

Dated: March 11, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, sull.0016.24